John D. Bennett, S.
On July 21,1959, the executrix, Bertha L. Uhlendorf, her daughter, Doris, and her husband, Frank A. L. Uhlendorf, were directed to file their account of assets belonging to the estate of Frank A. Ludlam. On March 28, 1960, the time to file such account was extended to May 31, 1960. No account has been filed. Certified copies of the said decrees and orders were served on the 15th and 17th of August, 1960, and an order to show cause why the parties should not be punished for contempt was made by this court on August 25, 1960, returnable August 31, 1960.
On the return day the attorney for the three persons to whom the order to show cause was directed appeared in court, and objected to the jurisdiction of this court on three highly technical grounds. This court does not look with favor upon technical objections since, although provisions of the law or the rules of practice or procedure of the Supreme Court apply to the Surrogates’ Courts and to the proceedings therein, such application is limited “ so far as they can be applied to the substance and subject matter of a proceeding without regard to its form ” (Surrogate’s Ct. Act, § 316).
The first ground alleged for lack of jurisdiction is that service was not complete as to Frank A. L. Uhlendorf. An affidavit of service on said Frank A. L. Uhlendorf, sworn to August 25, 1960, was filed, in which it was stated that on August 25, 1960, service was made upon Frank A. L. Uhlendorf at No. 8 Forest Avenue. The lack of complete address is the basis of this objection. On the day of the argument of the motion, August 31, 1960, a corrected affidavit of service was filed, sworn to on that day, which stated that on August 25, 1960, Frank A. L. Uhlendorf was served at No. 8 Forest Avenue, City of Cien Cove, County of Nassau and State of New York.
There is no allegation that Frank A. L. Uhlendorf was not served with the order to show cause on August 25, 1960, and the defective proof of service, if it was defective, has now been corrected. There is nothing on this point to deprive this court of jurisdiction.
The second ground raised by the three respondents is that they were served with the order to show cause, but not with the papers upon which such order was based. It is recognized that proper practice requires that an order to show cause be accompanied by copies of the papers on which it was obtained when service *326 is made thereof. Carmody-Wait, New York Practice (vol. 1, p. 647) states: “ The order to show cause must be served upon the attorney for the opposite party, together with the affidavits upon which the motion is founded ’ ’, but cites no authority for such statement.
Section 84 of the Surrogate’s Court Act under which this order was made, makes no specific reference to the service of any other papers than the order to show cause. Neither does the Judiciary Law (§§ 760-761) specify anything but the order to show cause being served, whereas the alternative proceeding by warrant (§§ 759, 762) is followed by a specific direction that a copy of the warrant and the affidavit upon which it is issued, must be served (§ 763).
The failure to serve the papers upon which the order to show cause was granted is, at most, an irregularity which does not affect the jurisdiction of this court. In reply to the respondents’ contention that they be granted a reasonable opportunity to defend themselves, and an opportunity to determine whether sufficient acts are contained in the petition to justify the issuance of the order to show cause and to attack the sufficiency of the papers if they deem them insufficient, the court will give them that right by directing the attorney for the petitioner to serve upon the attorney for the respondents, copies of all papers upon which the order to show cause was obtained, including the petition therefor. The respondents will be given one week, or if service is made by mail, 10 days, to submit and file any answer or reply to the allegations of the petition, or to make any motion they desire, and the matter will be adjourned for that purpose, the court retaining jurisdiction acquired by the order to show cause.
The third ground raised relates to a supplemental affidavit filed on the return day of this motion, which the respondents moved to strike out as they have had no opportunity to answer the same. The motion to strike out the supplemental affidavit is denied, but the respondents are given the right to answer or reply to the facts therein stated, or to make any motion directed thereto at the same time they answer, reply or move in regard to the petition and other papers used in obtaining the order to show cause.